## VUCCI v. PELLETTIERI et al.

(Supreme Court, Appellate Term. March 14, 1907.)

1. COURTS—MUNICIPAL COURT—PLEADING—AMENDMENT—CAUSE OF ACTION— CHANGE.

Plaintiff sued in the Municipal Court for work done and materials furnished, but, when the cause was called for trial, changed his complaint to an action for breach of a contract to procure the dismissal of certain tenement house violations and pay the expenses incident thereto. Defendant objected to such change, and excepted to the court's ruling, and went to trial. *Held* no cause for reversal, in the absence of a request for adjournment to prepare a defense.

2. VENDOR AND PURCHASER—RELEASE OF INCUMBRANCES—CONTRACT—BREACH— PROOF.

A contract for the sale of certain premises provided for conveyance free from all violations in any of the departments of the city of New York to the date of the contract, and on the closing of the contract defendants were given 30 days in which to procure the discharge of an alleged tenement house violation filed prior to the date of the contract. At the expiration of the 30 days plaintiff proceeded to repair the premises in accordance with her desires; the repairs extending beyond those mentioned in the tenement house order. *Held,* that the burden was on plaintiff to show that the requirements of the tenement house department had not been complied with, or that the violation had not been dismissed or modified within the 30 days, and that, in the absence of such proof, she was not entitled to recover for her repairs.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Anna Vucci against Egidio Pellettieri and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Oscar Englander, for appellants.

Rosendale & Dodd, for respondent.

DAVIS, J.   This action was brought to recover $217.83 for work, labor, services, and materials furnished.   The answer was a general denial, and on demand the plaintiff furnished a bill of particulars. When the cause was called for trial, the plaintiff, against the objections of the defendants, was allowed to change his complaint to an action for damages for a breach of a contract to procure the dismissal of certain tenement house violations and to pay the expenses incident thereto.   Although defendant excepted to this ruling, he did not request an adjournment to allow him to prepare his defense to the new cause of action, but went on with the trial.   In view of this omission the defendant is not entitled to a reversal of the judgment on this ground.

The trial proceeded, and a verdict was directed for plaintiff and judgment entered thereon for $206.   The evidence shows that the defendant agreed to sell and convey to the plaintiff premises No. 313 East 115th street, New York City.   The contract was in writing under date of February 20, 1906.   The title was to close April 3, 1906, and the premises were to be conveyed free from all violations in any of the departments of the city of New York up to the date of the contract. It was also provided that, should there be any such violations, a deposit sufficient to cover the same was to be made, with an agreement to remove them within 30 days.   On the day of closing, April 3, 1906, there was on file in the tenement house department violation O. B. V. 3,437. The date of its filing was February 6, 1906.   These facts are recited in an agreement signed and executed by the defendants on April 3, 1906, pursuant to the contract of sale referred to above.   In this instrument the defendants agree, in consideration of the acceptance of the title, to procure the dismissal of the violation, and to comply with the requirements of the tenement house department, within 30 days from April 3, 1906, and to pay all expenses of procuring said dismissal.   The plaintiff by her amended complaint claimed that defendants failed to procure the dismissal of the violation and to comply with the requirements of the tenement house department, and thus committed a breach of their contract.   She claimed as damages the amount which she had expended for repairs on these premises.   Under the agreement defendants were to procure the dismissal of the violation within 30 days.   After the expiration of 30 days, and in May, 1906, the plaintiff, assuming the violation to be still filed against the premises, proceeded to make repairs.   The repairs so made included, not only those mentioned in the notice of violation of February 6, 1906, but many others.   She recovered for all.

An examination of the testimony taken on the trial fails to disclose any breach of the agreement by the defendants.   It nowhere appears that the violation was not dismissed within the 30 days following April 3, 1906.   No witness from the tenement house department was called to testify whether or not the requirements of that depart-

ment had been complied with, and the violation dismissed. It may be that, on examination and further consideration, these requirements had been modified to some extent by the department within the 30 days' grace given to the defendants. The defendants cannot be charged with this omission to call such a witness, because they had no notice that the cause of action was to be so changed as to necessitate the presence of that witness. In fact, we are left in the dark by this testimony what, if any, repairs the department was requiring in May, 1906. Notwithstanding this, the plaintiff went on to make whatever repairs her judgment suggested, and has recovered the amount expended by her. In these circumstances the case of the plaintiff, as presented, lacked essential elements, and should have been dismissed.

The judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.